## CITIZEN'S BANK IN LIQUIDATION v. MAGEE.

### No. 1310.

Court of Appeal of Louisiana.  First Circuit.

March 6, 1934.

Ponder & Ponder, of Amite, for appellant.

Ott & Johnson, of Franklinton, for appellee.

MOUTON, Judge.

This suit is brought against defendant on a promissory note of $2,000, with credits carried on its back.

The defense is want of consideration, coupled with a claim in reconvention for the two last payments carried on the back of the note, which defendant claims were applied from deposits he had in plaintiff bank and without his knowledge or consent.

The court below rejected the demand and allowed the credits claimed in reconvention by defendant.

Defendant, a man over 80 years of age, testifies that, at the request of Mr. Marcus Magee, his brother, then president of the plaintiff bank, he signed the note without reading it, as he did not then have his spectacles; that he did not know the nature of the document he was signing or the purpose for which it was issued, and that Mr. Bourgoies, the cashier of the bank, told him his signing would not amount "to anything"; that he did not get a penny from the bank or any other consideration for the note.

This statement by defendant is corroborated by the testimony of the cashier and defendant's brother.

It is obvious that the note was without cause or consideration and could have no effect. C. C. arts. 1893, 1896.

This rule is universally recognized and applies to negotiable instruments between the maker and the payee.

Defendant, it is shown, did not know what or why he was signing, and there is no evidence whatsoever that his purpose was to lend his name to some other person; hence, he was not an accommodation party, as maker, drawer, or indorser. Act No. 64 of 1904, § 29, p. 152.

Even if he had been an accommodation party, as the note was never transferred to a holder for value, defendant could not be held liable on the note.

With the exception of $46.75, all the credits applied on the back of the note were taken from the deposits of the defendant in plaintiff bank and without his consent or knowledge. Evidently, defendant was entitled to the amount so applied. The $46.75 was applied with his knowledge, but, as he did not owe the note for which there was absolutely no consideration, this sum was also subject to recovery.

Even if defendant had believed himself a debtor and had allowed these credits to be carried on the note by mistake, he would have been entitled to reclaim the amount so paid. C. C. art. 2302.

The court correctly rejected the demand and properly allowed the sum of $200.15 on the demand in reconvention in which, it is not disputed, only $190.15 had been erroneously claimed. -

Judgment affirmed.